IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. 2:13-685 |
| v. | § | (C.A. No. 2:16-219) |
| | § | |
| LUIS SOSA-URAGA, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Luis Sosa-Uraga (Sosa-Uraga) filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 28. Pending before the Court is the Government's Motion to Dismiss (D.E. 41, to which Sosa-Uraga replied (D.E. 42).

**I. BACKGROUND**

Sosa-Uraga pled guilty pursuant to a plea agreement to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The Probation Department prepared a Presentence Investigation Report (PSR). The base offense level for illegal reentry is 8. Because Sosa-Uraga was convicted of a prior attempted robbery in New York State in 1996, his offense level was enhanced by 16 for a crime of violence, resulting in a total offense level of 21 after credit for acceptance of responsibility.[1] His criminal history category was V, yielding a guideline sentencing range of 70 to 87 months' imprisonment.

The Court sentenced Sosa-Uraga to 70 months' imprisonment. Judgment was entered on December 18, 2013. He did not appeal. Sosa-Uraga filed his present § 2255 motion on June 6, 2016.

---

[1] Although the PSR did not originally reflect credit for acceptance of responsibility, Sosa-Uraga was later given credit. *See* D.E. 37, pp. 3-4.

1

## II. MOVANT'S CLAIMS

Sosa-Uraga challenges his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). He also cites *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), which held that the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague. Sosa-Uraga notes that the crime of violence definition in § 2L1.2(b)(1)(A) relies upon 8 U.S.C. § 1101, which in turn relies upon 18 U.S.C. § 16(b). Because the residual clause declared unconstitutionally vague in *Johnson* and the residual clause in § 16(b) are virtually identical, Sosa-Uraga argues that § 16(b) is also unconstitutionally vague.[2] In addition, Sosa-Uraga claims that the use of enhancements for persons convicted of illegal reentry violates his right to equal protection and constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The Government argues that Sosa-Uraga's motion should be dismissed on two grounds: 1) he waived his right to file a § 2255 motion, and 2) his claim is without merit. The Government does not challenge the motion's timeliness.

---

[2] *Johnson* considered the residual clause in 18 U.S.C. § 924(e)(2) (the Armed Career Criminal Act or ACCA) and determined that it was void for vagueness. *Johnson*, 135 S.Ct. at 2556. The ACCA defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Id*. at 2555-56 (emphasis in *Johnson*). Title 18, United States Code § 16 defines crimes of violence:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony *and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 16 (emphasis added).

2

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### A. Waiver

Sosa-Uraga waived his right to file a motion to vacate by the terms of his plea agreement. D.E. 13, ¶ 7. He did not address the waiver in his motion. The Government urges the Court to enforce the waiver.

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). There are circumstances under which a plea waiver is unenforceable, such as when the sentence exceeds the statutory maximum or is otherwise illegal. *United States v. Hollins*, 97 Fed. App'x 477, 479 (5th Cir. 2004) (per curiam) (unpublished); *Ha v. United States*, 2009 WL 1117445 at *11 n.3 (S.D. Tex. April 16, 2009).

Sosa-Uraga was questioned at rearraignment regarding his understanding of the charge against him, was informed of the maximum punishment, swore he was not promised leniency for

his plea or promised a specific sentence, and testified that he understood that his advisory sentencing range would be calculated using the Sentencing Guidelines. He was also questioned regarding the plea agreement, including his waiver of the right to appeal and the right to file a § 2255 motion. Sosa-Uraga testified he understood the plea agreement and understood that he was waiving these rights.[3] Sosa-Uraga does not contest the voluntariness of his plea or complain that counsel provided ineffective assistance before the plea.

---

[3]
> 16 THE COURT: Also on Page 3 of Paragraph 7 you have
> 17 waived your right to an appeal. Did you and your attorney go
> 18 over this provision carefully together in Spanish, sir?
> 19 THE DEFENDANT: Yes, your Honor.
> 20 THE COURT: Mr. Sosa-Uraga, you have basically two
> 21 types of appeal rights: the first is the right to file a
> 22 direct appeal of your conviction and sentence to the Fifth
> 23 Circuit; the second is the right to file a petition after your
> 24 conviction, after your appeal, to file a petition collaterally
> 25 challenging your conviction. We call this a petition pursuant
> 1 to Section 2255.
> 2 Do you understand that you have these rights and have
> 3 you discussed this with your lawyer?
> 4 THE DEFENDANT: Yes, your Honor.
> 5 THE COURT: Now by signing this Plea Agreement,
> 6 Mr. Sosa, you are giving up your right to file a direct appeal,
> 7 and you're giving up your right to file a Petition collaterally
> 8 challenging your conviction except for two very limited
> 9 exceptions. The first would be if the -- if Judge Rainey
> 10 decided on his own Motion to depart upward from your sentence
> 11 and Guideline range, you could appeal that; or if Judge Rainey
> 12 imposed a sentence higher than the maximum allowed by law you
> 13 could appeal that, but otherwise you are forever giving up your
> 14 right to appeal and you are forever giving up your right to
> 15 file any kind of a petition collaterally challenging your
> 16 conviction; you are even giving up your right to appeal any
> 17 kind of an upward variance in your sentence.
> 18 Do you understand and have you discussed this with
> 19 your lawyer?
> 20 THE DEFENDANT: Yes, your Honor.
> 21 THE COURT: Do you want to give up those rights?
> 22 THE DEFENDANT: Yes, your Honor.
> 23 THE COURT: Are you asking that Judge Rainey accept
> 24 the Plea Agreement with the waiver of your appellate rights in
> 25 it, sir?
> 1 THE DEFENDANT: Yes, your Honor.

D.E. 39, pp. 16-18.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured).

Sosa-Uraga's testimony that he understood he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for his waiver to be enforceable. *See Wilkes*, 20 F.3d at 653 ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."). The Court finds that Sosa-Uraga's plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable;however, the Court must determine whether his claim of an illegal sentence vitiates the plea agreement waiver as to his *Johnson* claim.

### B. Enhancement for Crime of Violence

Sosa-Uraga challenges the use of his New York conviction for attempted second degree robbery as a crime of violence to enhance his offense level.[4] In support he cites *Johnson* and *Dimaya*.

*Johnson* held that the residual clause of the definition of violent felonies in the ACCA was unconstitutionally vague. *Supra*. n.2. However, Sosa-Uraga's enhancement was based upon his conviction for attempted robbery, which is a listed crime of violence as defined by the Sentencing Guidelines. *Johnson* specifically stated that it invalidated only the residual clause, not the listed

---

[4] The Probation Department had a copy of the Information, Waiver of Indictment, and Judgment for second degree attempted robbery pursuant to § 110-160.10 01 for Juan Guitteres. The PSR lists Juan Guitteres as one of Sosa-Uraga's aliases. The Fifth Circuit held that a district court did not commit error in concluding that attempted robbery in the second degree in New York in violation of § 110-160.10 01 is a listed crime of violence pursuant to § 2L1.2, comment. n.1(B)(iii). *United States v. Sanchez-Ramos*, 642 Fed. App'x 326, 328 (5th Cir. 2016) (per curiam) (unpublished).

crimes of violence in the ACCA. *Id*. at 2563. Furthermore, in *Beckles v. United States*, 137 S.Ct. 886, 897 (2017), the Court held that *Johnson* does not apply to the Sentencing Guidelines. "[T]he advisory Sentencing Guidelines are not subject to a due process vagueness challenge . . . ." *Id*.

In *Dimaya*,[5] the Ninth Circuit held that that the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague. *Dimaya*, 803 F.3d at 1120.[6] The Sentencing Guidelines applicable to illegal reentry define an "aggravated felony" by "the meaning given that term in [8 U.S.C. § 1101(a)(43))] . . . ." U.S.S.G. § 2L1.2 n. 3(A). That statute defines "aggravated felony" in part to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at least one year . . . ." 8 U.S.C. § 1101(a)(43).

Importantly, Sosa-Uraga's offense level was enhanced as a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), not as an aggravated felony pursuant to U.S.S.G. § 2L1.2(C). Thus, the analysis of § 16(b) has no application to Sosa-Uraga's enhancement. Furthermore, the Fifth Circuit rejected the *Dimaya* analysis in *United States v. Gonzalez- Longoria*, 831 F.3d 670, 672-79 (5th Cir. 2016) (en banc). ("[W]e hold that 18 U.S.C. § 16(b) is not unconstitutionally vague on its face."). In addition, *Gonzalez-Longoria* remains binding precedent in this Circuit. *United States v. Isidro-Esteban*, No. 16-40340, 2017 WL 2820934 at *1, — F.3d — (5th Cir. June 30, 2017) ("The grant of certiorari in *Lynch v. Dimaya*, ––– U.S. –––, 137 S.Ct. 31, 195 L.Ed. 2d 902 (2016), does not alter our holding in *Gonzalez-Longoria*."). Sosa-Uraga's argument that § 16(b) is

---

[5] *Dimaya* is an immigration case, not a criminal case. As a result, it addresses the vagueness issue not for criminal prosecution, but in the context of civil removal procedures.

[6] As with ACCA, section 16(b) (as incorporated in 8 U.S.C. § 1101(a)(43)(F)) requires courts to 1) measure the risk by an indeterminate standard of a "judicially imagined 'ordinary case,'" not by real world-facts or statutory elements and 2) determine by vague and uncertain standards when a risk is sufficiently substantial. Together, under *Johnson*, these uncertainties render the INA provision unconstitutionally vague.

*Id.*

6

unconstitutional is foreclosed by binding Fifth Circuit authority "unless overruled by [the Fifth Circuit] en banc or by the Supreme Court . . . ." *See id.*

Sosa-Uraga's enhancement for a listed crime of violence remains proper under the Guidelines. His claim that his offense level was unconstitutionally enhanced is without merit.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Sosa-Uraga has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

7

The Court finds that Sosa-Uraga cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a Certificate of Appealability as to his claims.

V. **CONCLUSION**

For the foregoing reasons, the United States' Motion to Dismiss (D.E. 41) is **GRANTED**, Sosa-Uraga's motion to vacate, set aside, or correct sentence (D.E. 28) is **DENIED**, and this action is **DISMISSED** with prejudice. Additionally, he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 22nd day of August, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE